UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RAP INDY, LLC and MSI LYNHURST INDIANAPOLIS GROCERY, LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:19-cv-04657 |
| ZURICH AMERICAN INSURANCE COMPANY and THE TRAVELERS INDEMNITY COMPANY, | ) ) ) ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendant, ZURICH AMERICAN INSURANCE CO., ("Zurich") by and through its attorneys, Cantrell & Mehringer, LLP, respectfully removes this action from the Marion County Superior Commercial Court, State of Indiana, where it is currently pending, to the United States District Court for the Southern District of Indiana, Indianapolis Division. This Notice is submitted pursuant to 28 U.S.C. § 1446.

In support of its Removal, Zurich states as follows:

## TIMELINESS OF REMOVAL

1.    On or about October 23, 2019, Plaintiffs, Rap Indy, LLC ("Rap Indy") and MSI Lynhurst Indianapolis Grocery, LLC ("MSI") filed a complaint against Zurich and co-defendant The Travelers Indemnity Company ("Travelers") in the Marion County Superior Commercial Court. A copy of the complaint is attached as Exhibit A to this Notice.

2.    Plaintiffs' counsel served the Complaint on Defendants by Certified Mail on October 23, 2019.

3.    As of the date of this filing, neither Defendant has answered the Complaint.

4.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because fewer than thirty (30) days have passed since Zurich received "through service or otherwise ... a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *See* 28 U.S.C. § 1446(b).

## JURISDICTIONAL BASIS FOR REMOVAL

5.      Zurich seeks to remove this case to federal court on the basis of complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332.

6.      For purposes of diversity jurisdiction, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.." 28 U.S.C. § 1332(c)(1). A Limited Liability Company is a citizen of the states of which each of its members are a citizen.

7.      At the time the action was commenced, and all times since, Defendant, Zurich, was and has been a citizen of Illinois and New York. Zurich is a corporation formed under the laws of the State of New York with its principal place of business in Schaumburg, Illinois.

8.      At the time the action was commenced, and all times since, Defendant, Travelers was and has been a citizen of Connecticut. Travelers is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

9.      Plaintiff, Rap Indy, LLC is a citizen of California. By the allegations in its Complaint, Plaintiff, Rap Indy, LLC is an Indiana Limited Liability Company with a principal place of business in La Jolla, California. (Exhibit A, Paragraph 3.). Pursuant to records on file with the Indiana Secretary of State, the only member of Rap Indy, LLC is Ramin Pourteymour, who is a resident of California. (See Exhibit B)

10.     Plaintiff, MSI Lynhurst, LLC is a citizen of California.  By the allegations in his Complaint, Plaintiff, MSI Lynhurst, LLC is a Delaware Limited Liability Company with a principal place of business in La Jolla, California. (Exhibit A, Paragraph 4.)  Pursuant to records on file with the Indiana Secretary of State, the principals of MSI Lynhurst, LLC are Ramin Pourteymour and Corey Ferguson, both of whom are residents of California.  (See Exhibit D)

11.     As there is no common citizenship between any of the Plaintiffs and any of the Defendants, there is complete diversity of citizenship between the parties.  Defendants are therefore entitled to have this cause removed from the Superior Court of Marion County, Indiana to the United States District Court for the Southern District of Indiana, which is the federal district within which the state suit is pending.  Therefore, the diversity requirements of 28 U.S.C. § 1332 are satisfied.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

12.     Pursuant to 28 U.S.C. §1446(c)(2)(A)(i)(ii) and in accordance with Local Rule 81-1 of the United States District Court for the Southern District of Indiana, Zurich states that the Complaint seeks declaratory relief and a money judgment in excess of $75,000.00, exclusive of interest and costs.  This dispute relates to an insurance claim pursuant to which Zurich paid more than $550,000.00 and Travelers paid more than $200,000.  Plaintiffs sought payment of more than $2,000,000.00 from Defendants during the adjustment of the claim.  (Exhibit A, Paragraphs 27-47)

13.     This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. §1332(a), in that there exists complete diversity of citizenship between all Plaintiffs and all Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## CONSENT OF ALL CO-DEFENDANTS

14.    Zurich has consulted with counsel for Co-Defendant, Travelers and has been advised that Travelers consents to this removal.

## PAPERS FROM REMOVED ACTION

15.    Copies of all process, pleadings, and orders that have been filed in the action pending in the Marion County Commercial Court are attached as Exhibits A and C.

## DEFENDANTS ANSWERS AND DISCLOSURE STATEMENTS

16.    Defendant has contemporaneously filed its Corporate Disclosure Statements with this Notice of Removal and will file its Answer on or before within seven (7) days of filing this Notice of Removal as allowed under Fed.R.Civ.P. 81(c)(2).

## NOTICE TO PLAINTIFF

17.    Zurich has served written notice of this filing on counsel for Plaintiffs as required by 28 U.S.C. § 1446 (d).

## NOTICE TO STATE COURT

18.    After the filing of this Notice of Removal, Defendant will transmit a copy of this Notice of Removal to the Clerk of the Marion County Commercial Court as required by 28 U.S.C. § 1446(d). A copy of the Notice that will be filed with the Clerk of the Superior Court of Marion County, Indiana is attached as Exhibit D.

## NON-WAIVER OF DEFENSES

19.    By removing this action from the Marion County Commercial Court, Zurich does not waive any defenses available to it or admit any of the allegations in Plaintiffs' Complaint.

WHEREFORE, Zurich American Insurance Co., prays that the above described cause of action pending in the Indiana Commercial Court in the Marion Superior Court, be removed

4

therefrom to the United States District Court for the Southern District of Indiana, and that this cause proceed in this court as an action properly removed thereto.

Respectfully submitted,

 /s/Dennis F. Cantrell
Dennis F. Cantrell, #10794-49

*Attorney for Defendant, Zurich American Insurance Company*

CANTRELL & MEHRINGER LLP
150 West Market Street, Suite 800
Indianapolis, IN 46204
Phone:    (317) 352-3500
Fax:       (317) 352-3501
Email:    dcantrell@csmlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2019, the foregoing document was filed electronically.  Notice of this filing will be sent to the following parties by the court's electronic filing system and/or First Class, United States Mail, postage prepaid:

Brett E. Nelson
Tonya Bond
PLEWS SHADLEY RACHER & BRAUN, LLP
1346 North Delaware Street
Indianapolis, IN  46202
***Counsel for Plaintiffs***

John C. Trimble
Michael R. Giordano
Meghan E. Ruesch
LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN 46202
***Counsel on behalf of The Travelers Indemnity Company***

/s/ Dennis F. Cantrell
Dennis F. Cantrell